are clearly of the opinion that the circumstances of this case remove it from any such category.

The judgment of the general term (superior court) should be reversed, and judgment ordered for the plaintiff, with costs of both courts.

All concur.

## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK on the Relation of PHILIP HOFFMAN agt. GEORGE BUG, PETER L. OSTERHOUDT and JAMES G. TUBBY, assessors of the city of Kingston.

*Taxes and assessments — How occupant of real and personal property owned by a non-resident should be assessed.*

The relator P. H. was assessed upon the assessment-roll of the city of Kingston for the year 1883, for real estate valued thereon at $40,000 and personal property to the amount of $10,000. The owner of the property (which consisted of a brewery, and the real and personal property connected therewith) was J. H., who resided in the city of New York, and the relator P. H. was in the actual possession of the entire property, real and personal, and conducted and carried on the brewery under a power of attorney from the owner. Upon *certiorari* to review the assessment:

*Held,* that the assessment of the real estate to the relator was lawful and proper. It was not necessary that such real estate should be assessed to the relator "as lands of a non-resident."

*Held,* also, that the assessment of the personal property to the relator was valid. It could not be assessed to any other person, and it was not necessary to add to the relator's name the word "agent."

*Ulster, Special Term, October,* 1883.

CERTIORARI to review an assessment.

*E. S. Wood,* for relator.

*John J. Linson,* for assessors.

WESTBROOK, *J.* — The relator, Philip Hoffman, is assessed upon the assessment-roll of the city of Kingston for the year 1883 for real estate valued thereon at $40,000 and personal property to the amount of $10,000.

The property for which the relator is so assessed consists of a brewery, and the real and personal property connected therewith, and of which he is in the actual possession. The owner of the property is Jacob Hoffman, who resides in the city of New York, and the relator is, as has just been stated, in the actual possession of the entire property, real and personal, and conducts and carries on the brewery under a power of attorney from the owner.

Upon these facts it is claimed in behalf of the relator, First. That chapter 152 of the Laws of 1878 requires the real estate to be assessed to him, if it is assessed to him "as lands of non-residents;" and second. That the personal estate should be taxed to him as agent. As both the real and personal property are assessed against him, without showing that the former is owned by a non-resident of the county, and the latter without a statement that he is the agent of the owner, it is urged that the whole assessment is void. The points will be examined separately.

*First.* Is the assessment upon the real estate in the proper form? The act of 1878, by its second section, which is declared to be amendatory of "section two of title two of chapter thirteen of part one of the Revised Statutes," provides that "lands occupied by a person other than the owner, may be assessed to the occupant, as lands of non-residents, or, if the owner resides in the county in which such lands are located, to such owner." The claim of the relator is, that the statute, as it now reads, provides for only two modes of assessing land occupied by a person other than the owner, and these are, either "to the occupant as lands of non-residents," or to the owner, if he resides in the county. To maintain this proposition he reads the statute as if no comma followed the word "occupant," thus making a single mode of assessment,

besides the one to the owner, which is to "the occupant as lands of non-residents."

The statute, prior to its amendment, read thus: "Land occupied by a person other than the owner may be assessed to the owner or occupant, or as non-resident lands" (1 *Edm.*, 361, *sec.* 2). It will be seen that provision was thereby made for an assessment in either one of three ways, to wit, to the occupant, to the owner, or as non-resident land. The change made by the act of 1878 is, that to justify the assessment to the owner he must reside in the county. This is evident from the punctuation. The statute does not read, "to the occupant as lands of non-residents," but a comma occurs after the word "occupant," and it should be read according to its punctuation, with a pause after that word, thus, "to the occupant, as lands of non-residents, or, if the owner resides in the county in which such lands are located, to the owner." This view is made more clear by recalling the fact that the statutes of this state provide two ways for taxing real estate, to wit, either as resident or non-resident lands. If as the former, then the name of its owner or occupant to whom it is assessed must appear in the first column of the assessment-roll (1 *Edm.*, 363, *sec.* 9 ; 2 *R. S.* [7*th ed.*], 990, 991, *sec.* 9) ; and if as the latter, then the assessment is upon the property itself, and not upon any individual, and it must appear on the roll "in a part thereof separate from the other assessments" (1 *Edm.*, 364, *secs.* 11, 12 ; 2 *R. S.* [7*th ed.*], *secs.* 11, 12). As the assessment of land as that of non-residents is distinct and different from the other, and must be placed on the assessment-roll "in a part thereof separate from the other assessments," it would seem to be impossible to tax it both as resident and non-resident upon the same roll, and therefore the construction of the act of 1880 claimed by the relator cannot be adopted, because he insists that the two should be combined to make a valid assessment. It must therefore be held that the assessment of the real estate to the relator is lawful and proper.

*Second.* Was the assessment of the personal property to the relator valid? The statute provides: " Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, *including all personal estate in his possession or under his control as agent,* trustee, guardian, executor or administrator; and in no case shall property so held under either of those trusts be assessed against any other person " (1 *Edm.*, 362, *sec.* 5; 2 *R. S.* [*7th ed.*], 989, *sec.* 5).

It would seem clear from this provision that not only was the assessment upon the relator for the personal property in his possession as agent lawful, but also that it could not be assessed to any other person. The counsel for the relator insists, however, that while the assessment to him may be legal, it should have been " with the addition to his name of his representative character." If the section of the statute upon which this claim is based (1 *Edm.*, 363, *sec.* 10; 2 *R. S.* [*7th ed.*], 991, *sec.* 10) be referred to, his error will appear. The section does provide: " When a person is assessed as *trustee, guardian, executor or administrator,* he shall be assessed as such, with the addition to his name of his representative character," but such section does not cover the case of an *agent,* and such the relator is, and he is neither a " trustee, guardian, executor or administrator."

The objection to the assessment upon the personal property in the possession of the relator must also be overruled, and as no questions, other than those already examined, have been made upon this proceeding, the respondents are entitled to an order confirming the assessment and dismissing the writ.